United States Bankruptcy Court
District of South Dakota

Charles L. Nail, Jr.
Bankruptcy Judge



_____

Federal Building and United States Post Office                    Telephone: (605) 945-4490
225 South Pierre Street, Room 211                                      Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

January 9, 2009


Clair R. Gerry, Esq.
Attorney for Debtor
Post Office Box 966
Sioux Falls, South Dakota  57101-0966

Jeffry L. Alvey, President
Dakota Staffing, Inc.
1600 West 12th Street, Suite 100
Sioux Falls, South Dakota  57104

     Subject:    ***In re Thomas H. Chase***
                      Chapter 7; Bankr. No. 06-40378

Dear Mr. Gerry and Mr. Alvey:

     The matter before the Court is the Motion for Order Directing Clerks of Courts to Discharge Judgments Voided in Bankruptcy filed by Debtor on December 16, 2008. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, Debtor's motion will be granted.[1]

     **Summary.** On December 21, 2005, Dakota Staffing, Inc. ("Dakota Staffing") obtained a judgment against Thomas H. Chase in state court for $1,734.99. On October 30, 2006, Thomas H. Chase ("Debtor") filed for relief under chapter 7 of the bankruptcy code. Debtor listed Dakota Staffing as an unsecured creditor on his Schedule F.

     On November 1, 2006, the Bankruptcy Clerk served a notice of commencement of the case on Debtor's creditors, including Dakota Staffing. The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was January 30, 2007.

     Neither Dakota Staffing nor any of Debtor's other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On January 31, 2007, Debtor was granted a discharge under § 727 of the bankruptcy code.

_____

     [1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re: *Thomas H. Chase*
January 9, 2009
Page 2

On December 16, 2008, Debtor filed a Motion for Order Directing Clerks of Courts to Discharge Judgments Voided in Bankruptcy. Dakota Staffing's judgment was listed in Debtor's motion. On December 24, 2008, Dakota Staffing filed a letter objection to Debtor's motion, in which it stated its belief that its judgment should not be discharged.

**Discussion**. Section 524(a)(1) of the bankruptcy code provides:

(a)  A discharge in a case under this title –

(1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Dakota Staffing received timely notice of Debtor's bankruptcy. It did not object to Debtor's discharge or to the dischargeability of its claim. Its claim was therefore discharged on January 31, 2007. Its judgment was voided on that same date. Debtor is therefore entitled to the relief requested in his motion.

The Court will enter an appropriate order.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc: case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Jeffry L. Alvey, President
Dakota Staffing
1601 West 12th Street, Suite 100
Sioux Falls, SD 57104

Thomas H. Chase
301 S. Caley Place
Sioux Falls, SD 57110